UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANN MCLAURIN and ) | |
| LYNNE FITZGERALD, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No.: **1:19-cv-00553-JB-M** |
| ) | |
| THE TERMINIX INTERNATIONAL ) | |
| COMPANY, L.P., AND TERMINIX ) | |
| INTERNATIONAL, INC., ) | |
| ) | |
| Defendants. ) | |

## MOTION FOR CONFIRMATION OF ARBITRATION AWARD AND ENTRY OF FINAL JUDGMENT

Come Plaintiffs Ann McLaurin and Lynne Fitzgerald (collectively "Plaintiffs"), and file their motion to Confirm an Arbitration Award dated August 14, 2019 in their favor and for entry of Final Judgment against the Defendants The Terminix Intl. Co., L.P. and Terminix Intl., Inc. (collectively "Defendants") as awarded in the Arbitration Award; for post-award, pre-judgment interest; for post-judgment interest; and in support state as follows:

1. The governing arbitration provision in the termite protection contract reads,

MANDATORY ARBITRATION. Any claim, dispute or controversy, regarding any contract, tort, statute, or otherwise ("Claim"), arising out of or relating to this agreement or the relationships among the parties hereto shall be resolved by one arbitrator through binding arbitration administered by the American Arbitration Association ("AAA"), under the AAA Commercial or Consumer, as applicable, Rules in effect at the time the Claim in filed ("AAA Rules"). . . . **The arbitrator's decision shall be final, binding and non-**

> **appealable**. Judgment upon the award may be entered and enforced in any court having jurisdiction. This clause is made pursuant to a transaction involving interstate commerce and shall be governed by the Federal Arbitration Act. Neither party shall sue the other party other than as provided herein or for enforcement of this clause or of the arbitrator's award; any such suit may be brought only in Federal District Court for the District . . . .

*Exhibit 1* (emphasis added).

2. On or about March 13, 2018, Plaintiffs Fitzgerald and McLaurin filed their Arbitration Demand with the AAA alleging fraud, negligence, professional negligence (including training and supervision), breach of contract, and equitable relief relating to the failure to disclose problems with, make proper recommendations for, and provide proper termite prevention to their home. The plaintiffs' home was located on Dauphin Island at 204 Grant Street, Dauphin Island, Alabama. The home on Dauphin Island was rendered a total loss because of Defendants' breaches of contract, fraudulent and wrongful conduct. The Plaintiffs requested compensatory damages, mental anguish and special damages, punitive damages, equitable relief, attorneys' fees, costs and other relief.

3. An arbitriation evidentiary hearing was held in Mobile, Alabama before Arbitrator Hon. Eugenia Benedict from Tuesday, January 22, 2019 through Friday January 25, 2019. Extensive exhibits were offered by all parties, and numerous witnesses in addition to the parties were called live to testify.

4. In March 2019 through April 2019, the parties submitted extensive post-hearing briefs and arguments.

5. Throughout May - July 2019, the parties submitted briefs, arguments and

supporting invoices for attorneys' fees and costs. The hearing was declared closed on or about July 16, 2019.

6. On August 14, 2019, the Arbitrator rendered a comprehensive and detailed 20 page Award in favor of Plaintiffs and against Defendants The Terminix Intl. Co., L.P. and Terminix Intl., Inc. *Exhibit 2*. The Arbitrator ruled, *inter alia*, as follows: "Respondent Terminix did not disclose their failure to treat and the Claimants were deceived about the validity of the service that had been sold to them, [and] relied on Respondent Terminix's assertion that they were protected and were harmed." *Ex. 2, p. 11*. "Respondent Terminix failed to perform consistently with the parties' contract, did not inform the Claimants of their failure and did not adequately or honestly correct the damage caused by their failure. Their conduct was fraudulent, and they are, therefore, responsible for damages to the Claimants." *Ex. 2, p. 12.*

7. The Arbitrator further ruled as follows: "Respondent Terminix has ignored the Regulations governing its business, the laws of Alabama, and the terms and spirit of its contract with the Claimants. Therefore, Respondent Terminix is solely responsible for the full damage suffered by the Claimants." *Ex. 2, p. 13*. "Respondent Terminix's intention and actions here were to undertreat what their contract offered and withhold that information from the Claimants. Such fraud makes Respondent Terminix liable for all damages in this case." *Id*.

8. The Arbitrator awarded damages and ruled as follows:

a. awarded Claimants $1,502,900 in total compensatory damages;

   1) $302,900 in compensatory and incidental damages as itemized on p. 19 of the Award;

   2) Claimant Lynne Fitzgerald $900,000 in mental anguish damages, and awarded Claimant Anne McDonald (McLaurin) $300,000 in mental anguish damages;

b. awarded Claimants $750,000 in punitive damages (.5:1 ratio); and

c. awarded $515,000 in attorneys' fees and costs.

A copy of the Arbitration Award is attached hereto as *Exhibit 2*. The recovery awarded Claimants against Defendants totals **$2,767,900**.

## CONFIRMATION OF AWARD

This application for the confirmation of the Arbitration Award is brought pursuant to the Federal Arbitration act, 9 U.S.C. § 1, et seq., and the Mandatory Arbitration provision of the termite contract. All parties fully participated in the arbitration proceeding.

"The Federal Arbitration Act ... imposes a heavy presumption in favor of confirming arbitration awards.... As a result, a court's confirmation of an arbitration award is usually routine or summary." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1288 (11th Cir.2002). *See also AIG Baker Sterling Heights, LLC v. American Multi-Cinema, Inc.*, 508 F.3d 995, 999 (11th Cir.2007) ("The Federal Arbitration Act presumes that arbitration awards will be confirmed, and judicial review of an arbitration award is narrowly limited.") (citation

omitted); D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 110 (2nd Cir.2006) ("A party moving to vacate an arbitration award has the burden of proof, and the showing required to avoid confirmation is very high.").

Congress has limited the grounds on which an arbitral award can be vacated to those listed in 9 U.S.C. §10. "Accordingly, the parties may not seek a second bite at the apple simply because they desire a different outcome." *Remmey v. Paine Webber, Inc.*, 32 F.3d 143 (4th Cir. 1994); *accord, Kirksey v. Schindler Elevator Corporation*, 2016 WL 6462176, *3 (S.D. Ala. October 28, 2016); *American Home Assur. Co. v. Glenn Estess & Associates, Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of motion to reconsider to afford a litigant "two bites at the apple").

Plaintiffs are also entitled to an award of prejudgment interest running from the date of the arbitration award through the date of this Court's judgment confirming same. Federal courts confirming arbitration awards have routinely allowed post-award, prejudgment interest. *See, e.g., Carey Rodriguez Greenberg & Paul, LLP v. Arminak*, 583 F.Supp.2d 1288, 1292 (S.D. Fla.2008) (awarding interest at state statutory rate from the date of the arbitrator's award through the date of judgment); *In re Arbitration Between Westchester Fire Ins. Co. v. Massamont Ins. Agency, Inc.*, 420 F.Supp.2d 223, 226 (S.D.N.Y.2005) ("Post-award, prejudgment interest is generally awarded at the discretion of the district court, and there is a presumption in favor of awarding such interest."); *Paisley Park Enterprises, Inc. v. Boxill*, 371 F. Supp. 578 (D. Minn. 2019) (holding entitled to post-award, pre-

judgment interest in breach and conversion case) .

The Eleventh Circuit has held that "state law governs the availability and amount of prejudgment interest in diversity cases involving the Federal Arbitration Act." *AIG Baker Sterling Heights, LLC v. American Multi-Cinema, Inc.*, 508 F.3d 995, 1002 (11th Cir.2007). Under Alabama law, it is well established that prejudgment interest at the default rate of 6% may be available in the breach of contract context where, as here, damages were reasonably certain at the time of breach. *See Goolesby v. Koch Farms, LLC*, 955 So.2d 422, 429 (Ala.2006) ("Prejudgment interest may be available in a breach-of-contract case, ... but only if damages were reasonably certain at the time of the breach.") (citations omitted); *Rhoden v. Miller*, 495 So.2d 54, 58 (Ala.1986) ("Where no written contract controls the interest rate ..., the legal rate of pre-judgment interest is six percent per annum."); *Mitchum Const. & Engineering Co. v. Sellers*, 632 So.2d 973, 974 (Ala.Civ.App.1993) (similar).

Therefore, for the period from August 14, 2019, the date of the Arbitration Award, through the date the Court enters judgment upon the Arbitration Award, the Plaintiffs are entitled to an award of prejudgment interest calculated at the rate of 6% per annum.

Plaintiffs are also entitled to an award of post-judgment interest. Such an award is proper. *See Parsons & Whittemore Alabama Machinery and Services Corp. v. Yeargin Const. Co.*, 744 F.2d 1482, 1484 (11th Cir.1984) ("a district court judgment affirming an arbitration award is governed by statutory post-judgment interest rates"). Under federal law, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district

court." 28 U.S.C. § 1961(a). The statute further provides that such interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[ ] the date of the judgment." *Id*. (footnote omitted). The applicable rate may be found at https://fred.stlouisfed.org/series/DGS1.

Under 28 U.S.C. § 1961(b) the interest shall be "computed daily, and compounded annually." Accordingly, post-judgment interest should accrue at the statutory rate from the date of judgment at the applicable rate, computed daily, and compounded annually.

Consistent with policies and law set forth above and as set forth in the Arbitration Award, Plaintiffs McLaurin and Fitzgerald are entitled to judgment against Defendants Terminix as follows:

    a.      judgment in the amount of $2,767,900 as set forth in the Arbitration Award immediately due and payable; plus

    b.      post-award, prejudgment interest on the $2,767,900 amount at Alabama's legal rate of 6% per annum (which equates to $454.99 per day) from August 14, 2019 until the date of judgment; plus

    c.      post-judgment interest on the total amount calculated in ¶ b. above, pursuant to 28 U.S.C. § 1961 (currently at 1.73% per day), computed daily and compounded annually from the date of judgment until paid.

## RELIEF REQUESTED

Plaintiffs request the following:

1. For the confirmation of the Arbitration Award as set forth in Exhibit 2;

2. For entry of judgment against Defendants The Terminix Intl. Co., L.P. and Terminix Intl., Inc., in the amount of $2,767,900.00, plus post-award, prejudgment interest, and plus post-judgment interest until paid;

3. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Adam M. Milam*
ADAM M. MILAM (MILAA2597)
*Counsel for Plaintiffs Ann McLaurin and Lynn Fitzgerald*

OF COUNSEL:
MILAM & MILAM, LLC
2206 Main Street
Daphne, AL 36526
Tel: (251) 928-0191
Fax: (844) 273-4029
amilam@milam-law.com

## **CERTIFICATE OF SERVICE**

I certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system on September 10, 2019, which will send electronic notification of such filing to the parties. If CM/ECF indicates that Notice needs to be delivered by other means to any of the parties, I certify that a copy will be sent via U.S. Mail, properly addressed, postage prepaid.

Michael L. Bell, Esq.
mbell@lightfootlaw.com
Haley A. Cox, Esq.
hcox@lightfootlaw.com
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
400 North 20th Street
Birmingham, Alabama 35203
(205) 581-0700
(205) 581-0799 (fax)
*Counsel for Defendants Terminix*

Thomas F. Campbell, Esq.
Bill Reece, Esq.
CAMPBELL LAW, P.C.
5336 Stadium Trace Parkway
Suite 206
Birmingham, AL 35244
Tel: (205) 278-6650
Fax: (205) 278-6654
tcampbell@campbelllitigation.com
breece@campbelllitigation.com
*Additional Counsel for Plaintiffs*