UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHEN DIVISION

| | |
|---|---|
| ANN McLAURIN and LYNNE FITZGERALD<br><br>Plaintiffs,<br><br>v.<br><br>THE TERMINIX INTERNATIONAL COMPANY, L.P., and TERMINIX INTERNATIONAL, INC.,<br><br>Defendants | Case No. CV-19-553 |

**TERMINIX'S RESPONSE TO PLAINTIFFS' MOTION FOR CONFIRMATION OF ARBITRATION AWARD AND ENTRY OF FINAL JUDGMENT**

Terminix Intl. Co., L.P. and Terminix Intl., Inc. ("Terminix") submit this Response to Plaintiffs' Motion for Confirmation of Arbitration Award and Entry of Final Judgment (Doc. 14). Plaintiffs' Motion is due to be denied because: (1) it is procedurally improper, having been filed before the filing and disposition of Terminix's motion to vacate, modify, or correct the award; (2) there is no final judgment to support the imposition of interest; and (3) Terminix's rights to seek a vacatur of the award are guaranteed by the Federal Arbitration Act ("FAA") and there is no enforceable contractual waiver of those rights. Terminix additionally states as follows:

**I.     Plaintiffs' Motion is Procedurally Improper and Premature**

The post-award procedure applicable to an arbitrator's award is set forth in the FAA, 9 U.S.C. §12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."). Pursuant to that statutory framework, Terminix is allowed until November 14, 2019 to prepare and file its Motion to Vacate the Arbitrator's Award.

Plaintiffs were made fully aware of Terminix's plans in this regard when Terminix filed its Answer to Complaint to Confirm Arbitration Award and Grant Final Judgment and Notice of Intention to File Motion to Vacate (Doc. 11). Therein, Terminix expressly invoked the FAA:

> Terminix hereby provides notice, and in further answer to the Plaintiffs' Complaint, states that its Motion to Vacate the Arbitrator's Award will be filed on or before November 14, 2019. As will be shown in that motion, all or part of the Arbitrator's Award is due to be vacated pursuant to state and federal law. As a result, Plaintiffs are not entitled to an Order from this Court confirming the award, and their Complaint is due to be dismissed.

*See* Doc. 11, p. 2 at ¶¶2-4.

Plaintiffs' Motion was filed more than two months prior to the deadline for the filing of Terminix's Motion to Vacate, and well in advance of any final ruling by this Court on that Motion and ultimate appellate disposition. As a result, Plaintiffs' Motion is procedurally improper and should be denied.

## II.     There Is No Final Judgment to Support the Calculation of Any Type of Interest

Plaintiffs seek "an award of prejudgment interest running from the date of the arbitration award through the date of this Court's judgment confirming same," as well as "an award of post-judgment interest." *See* Doc. 14, pp. 5-6. However, there has been no judgment confirming the award. Terminix's Motion to Vacate has not yet been filed, let alone disposed of by this Court or an appropriate appellate court. While the Plaintiffs cite a number of cases in connection with their argument for interest, not one of those cases supports what the Plaintiff are asking for here, which is that an award of interest be made *prior to* the confirmation of an arbitration award and final judgment entered thereon.

For example, in *Carey Rodriguez Greenberg & Paul, LLP v. Arminak,* 583 F.Supp. 2d 1288, 1292-93 (S.D. Fla. 2008), an award of interest was at issue because the motion to confirm the award was granted. Likewise, in *Paisley Park Enterprises, Inc. v. Boxill,* 371 F.Supp. 3d 578, 584 (D. Minn. 2019), the question of interest was properly considered because "final judgment [was] entered." This case is not at the procedural juncture that *Carey Rodriguez* or *Paisley Park* were when interest was considered in those cases. And while Plaintiffs also rely on *In re Arbitration Between Westchester Fire Ins. Co. v. Massamont Ins. Agency, Inc.*, 420 F.Supp.2d 223, 226 (S.D.N.Y. 2005), that case is readily distinguishable because the defendant there "ha[d] neither objected to confirmation of the Award nor argued a basis for vacating or modifying it."

Here, Terminix has made its intention to submit its Motion to Vacate fully known and none of the cases the Plaintiffs rely upon supports an award of post-judgment interest prior to the confirmation of an arbitrator's award.[1]

### III. Terminix's Post-Award Rights Are Intact

While Plaintiffs articulate no legal argument with respect to the finality of the arbitrator's award, they do emphasize this language from the pertinent arbitration provision: "The arbitrator's decision shall be final, binding and non-appealable." *See* Doc. 14, pp. 1-2 (emphasis omitted). Plaintiffs' intention in quoting and emphasizing this language is unclear. However, to the extent that the Plaintiffs are attempting to telegraph that the arbitration award is not subject to a motion to vacate, modify, or correct, such is not supported by any legal authority. Indeed,

---

[1] Plaintiffs also cite *Goolesby v. Koch Farms, LLC,* 995 So.2d 422, 429 (Ala. 2006), *Rhoden v. Miller,* 495 So.2d 54, 58 (Ala. 1986), and *Mitchum Const. & Engineering Co. v. Sellers,* 632 So.2d 973 (Ala. Civ. App. 1993). None of those cases, however, is in the context of an arbitration award.

Terminix relies in this regard on the Federal Arbitration Act, not the language of the contract between itself and Plaintiffs.

In addition, the United States Court of Appeals for the Eleventh Circuit has construed comparable language to leave intact the very same rights that Terminix intends to exercise in this case when it files its motion to vacate, modify, or correct. From *Rollins v. Black,* 167 Fed. Appx. 798, 799 n. 1 (11th Cir. 2006) (not reported in F.3d):

> Black contends the district court lacked jurisdiction to review the arbitration award because the arbitration agreement provided the award would be "binding, final, and non-appealable." *A "binding, final, and non-appealable" arbitral award does not mean the award cannot be reviewed.* It simply means the parties have agreed to relinquish their right to appeal the merits of their dispute; it does not mean the parties relinquish their right to appeal an award resulting from an arbitrator's abuse of authority, bias, or manifest disregard of the law.

*Rollins v. Black*, 167 Fed. Appx. 798, 799 n. 1, 2006 WL 355852 (11th Cir. 2006) (citations omitted) (emphasis added) (not reported in F.3d). *See also In re Wal-Mart Wage and Hour Employment Practices Litigation,* 737 F.3d 1262, 1268 (9th Cir. 2013) ("In light of the above, we hold that 9 U.S.C. §10(a), the statutory grounds for vacatur in the FAA, may not be waived or eliminated by contract."); *Southco, Inc. v. Reell Precision Mfg. Corp.*, 331 Fed. Appx. 925, 227-28 (3d Cir. 2009) (not reported in F.3d) ("We conclude that the Agreement does not waive appellate review of the District Court's judgment.").

While the import that the Plaintiffs ascribe to the "final, binding, and non-appealable" language is not explicit, that language has no bearing on Terminix's right to exercise its statutory rights to submit its Motion to Vacate, Modify, or Correct the arbitrator's award.

## CONCLUSION

Plaintiffs' Motion is due to be denied. It is procedurally improper in that it seeks confirmation of an award that Terminix has unequivocally stated it will move to vacate, as is its statutory right. Similarly, the Plaintiffs seek an award of interest, but there is no final judgment at this time on which any interest can be calculated. As a result, Plaintiffs' Motion should be denied.

/s/ *Michael L. Bell*
Of Counsel

OF COUNSEL:
Michael L. Bell
*mbell@lightfootlaw.com*
Haley A. Cox
*hcox@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
400 North 20th Street
Birmingham, Alabama 35203
(205) 581-0700
(205) 581-0799 (fax)

## CERTIFICATE OF SERVICE

I certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system on September 25, 2019, which will send electronic notification of the filing to the parties. If CM/ECF indicates that Notice needs to be delivered by other means to any of the parties, I certify that a copy will be sent via U.S. Mail, properly addressed, postage prepaid.

/s/ *Michael L. Bell*
Of Counsel