UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANN MCLAURIN and | ) | |
| LYNNE FITZGERALD, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No.: <u>1:19-cv-00553-JB-M</u> |
| | ) | |
| THE TERMINIX INTERNATIONAL | ) | |
| COMPANY, L.P., AND TERMINIX | ) | |
| INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>REPLY IN SUPPORT OF MOTION TO CONFIRM ARBITRATION AWARD AND ENTRY OF FINAL JUDGMENT</u>

Come Plaintiffs Ann McLaurin and Lynne Fitzgerald (collectively "Plaintiffs"), and file their Reply in support of their Motion to Confirm Arbitration Award and for entry of Final Judgment (Doc. 14) against the Defendants The Terminix Intl. Co., L.P. and Terminix Intl., Inc. (collectively "Defendants").

As discussed in more detail below, Defendants have willfully chosen not to come forward with any proof for any ground of vacatur under sections 10 and 11. Defendants' recalcitrant attempts to delay these proceedings are unfounded. *Ingaseosas Intern. Co. v. Aconcagua Investing Ltd.*, 479 Fed. Appx. 955, 959 (11th Cir. 2012), citing *The Hartbridge*, 57 F.2d 672 (2d Cir.1932) ("a motion to confirm puts the other party to his objections. He cannot idly stand by").

**I.    Plaintiffs' Motion is Procedurally Proper under 9 U.S.C. § 9, and "Puts the Defendants to Their Objections**."

1.     In their response, Defendants fail and refuse to articulate any ground for vacation, amendment or modification under 9 U.S.C. §10 or §11 as they are required under the Federal Arbitration Act ("FAA") and this Court's briefing schedule.[1]  The Defendants have no good faith reason to seek vacation or modification of the August 14, 2019 Arbitration Award.  Instead, Defendants, without citing any authority, assert that they can delay any objection to Plaintiffs' motion to confirm until the very last day of their 3 month limitations period under §12.   This is not supported by the FAA, governing law interpreting the FAA, and is not the law in the Eleventh Circuit.

2.     Concerning confirmation of arbitration awards, the FAA provides in pertinent part as follows:

> § 9. Award of arbitrators; confirmation; jurisdiction; procedure
>
> [*A]t any time* within one year after the award is made any party to the arbitration may apply to the court ... for an order confirming the award, and *thereupon* the court *must grant* such an order *unless* the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title....

9 U.S.C.S. § 9 (West 1997) (emphasis added).

> § 12. Notice of motions to vacate or modify; service; stay of proceedings

---

[1] *Compass Group USA, Inc. v. City of Fairfield*,  2007 WL 9711282 (N.D. Ala. March 30, 2007) ("Accordingly, ***it is Fairfield's burden, at every stage of this action***, to articulate and support arguments against confirmation of the Award, via a motion to vacate. Cf. 9 U.S.C. § 9 ("[T]the court must [confirm an award] unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."))

> Notice of a motion to vacate, modify, or correct an award ***must be served*** upon the adverse party or his attorney ***within three months*** after the award is filed or delivered....

*Id*. § 12 (West 1997) (emphasis added).

3. The Eleventh Circuit Court of Appeals in *Ingaseosas Intern. Co. v. Aconcagua Investing Ltd.*, 479 Fed. Appx. 955, 959 (11th Cir. 2012), cited with approval "The Second Circuit decision in *The Hartbridge*, 57 F.2d 672 (2d Cir.1932) (before L. Hand, Swann, and Augustus Hand, Circuit Judges) held:

> As we understand the statute ***a motion to confirm puts the other party to his objections. He cannot idly stand by***, allow the award to be confirmed and judgment thereon entered, and then move to vacate the award just as though no judgment existed.... After judgment we think the award can be vacated only if the judgment can be, and to vacate the judgment an adequate excuse must be shown for not having presented objections to the award when the motion to confirm was heard."

(emphasis added).[2]

4. The Eleventh Circuit, as well as every other circuit, has also clearly interpreted 9 U.S.C. §12 as a limitation period whereby if a party fails to comply, any objections to the award are forever barred. It is not a general right to delay confirmation proceedings. *See Cullen v. Paine, Webber, Jackson & Curtis, Inc.*, 863 F.2d 851 (11th Cir. 1989) ("[we] hold that the failure of a party to move to vacate an arbitral award within the three-month limitations period prescribed by section 12 . . . bars him from raising the alleged invalidity

---

[2] It is quite astonishing that Defendants would not bring this precedent to the Court's attention.

of the award as a defense."); *Wood v. B.C. Daniels, Inc.*, 2008 WL 2163921 (S.D. Ala. May 21, 2008) ("the petition to vacate was filed more than six months after entry of the Award; therefore, it is noncompliant on its face with the FAA limitations period [§12].[3]

     5.     Other circuits and courts have approved or confirmed that a party's motion to confirm the award puts the other party to his objections. In *PMS Distributing Co. v. Huber & Suhner, A.G.*, 981 F.2d 1259 (9th Cir. 1992) (unpublished), the Court reasoned:

> Relying on Section 12 of the United States Arbitration Act, 9 U.S.C. § 12, PMS argues that it timely filed its motion to vacate the arbitration award within three months of the award's filing. ***We conclude this was insufficient to require a ruling on the merits of the motion to vacate***. PMS failed timely to assert in the form of a counterclaim its objections to Huber & Suhner's motion seeking confirmation. Judgment was entered confirming the award and it has become final. PMS cannot now raise its defenses to confirmation by way of a subsequent motion to

---

   [3] Although the FAA allows a party who wishes to challenge an arbitration award a certain period to move to vacate, to modify, or to correct an arbitration award, courts have held that that period of time represents a ***maximum, not an absolute period upon which the challenging party may always rely***. *See The Hartbridge*, 57 F.2d 672, 673 (2nd Cir.1932) (holding, under FAA, that party seeking to confirm arbitration award may do so even before expiration of three-month period in which party challenging award is allowed to move to vacate, to modify, or to confirm award, thus, if party moves for confirmation before three-month period ends, other party must raise any challenges then, too); *City of Baytown v. C.L. Winter, Inc.*, 886 S.W.2d 515, 520-21 (Tex.App.-Houston [1st Dist.] 1994, writ denied) (adopting holding and analysis in *The Hartbridge* in case in which TAA applied). One party's motion to confirm the award "***puts the other party to his objections***" ***to the award <u>then and there</u>***, even if time remains on the statutory period in which the challenger would otherwise be entitled to move to vacate, to modify, or to correct the award. *The Hartbridge*, 57 F.2d at 673; *see Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 174 (2nd Cir.1984) (describing the holding in *The Hartbridge* as follows: "On appeal, we ... held that one party's motion to confirm an arbitration award imposes on the other party an obligation to move to vacate if he intends to do so."); *C.L. Winter*, 886 S.W.2d at 521 (quoting the above-referenced holding of *The Hartbridge* with approval); *see Warren*, 669 P.2d at 846-48 (concluding that relevant statutory provisions contemplated that motions to vacate, to modify, or to correct arbitration award be before court when it rules on motion to confirm).

vacate. *See* Fed.R.Civ.P. 12(a), (b), 13; *Seattle Totems Hockey Club, Inc. v. National Hockey League*, 652 F.2d 852, 854 (9th Cir.1981) (failure to plead compulsory counterclaim bars subsequent litigation in which counterclaim is the basis of the complaint), cert. denied, 457 U.S. 1105 (1982); *The Hartbridge*, 57 F.2d 672, 673 (2nd Cir.1932) (per curiam) ("***[A] motion to confirm puts the other party to his objections. He cannot idly stand by, allow the award to be confirmed and judgment thereon entered, and then move to vacate the award just as though no judgment existed.***"); *cf. Booth v. Hume Publishing, Inc.*, 902 F.2d 925, 931 (11th Cir.1990) (only counterclaims permitted in response to motion to confirm an arbitration award are claims to vacate, modify, or correct award).

(emphasis added).[4]

6. This process is supported by the analogy to affirmative defenses. The statutory grounds for vacating, modifying, or correcting an arbitration award under the FAA are in the nature of affirmative defenses because the party asserting these grounds implicitly confesses the existence of an arbitration award, but nonetheless seeks to avoid its effect by asserting an independent reason that the award should not be enforced. An affirmative defense that is not pleaded or proved and on which findings are not obtained is waived and cannot be

---

[4] Other courts have also approved that a motion to confirm puts the other party to his objections. *See Brown v. Bridgeport Rolling Mills Co.*, 245 F. Supp. 41 (U.S. D. Conn. 1965); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95 (2nd Cir. 2006); *General Electric Co. v. Anson Stamping Co., Inc*., 426 F. Supp.2d 579 (W.D. Ky 2006). There is some conflict, *Bennett v. Chung*, 143 Hawai'i 266 (Hawai'i 2018) interpreted the state's arbitration statute to allow the full 90 day period to file motion to vacate; and *Martin v. Hydraulic Fishing Supply, Inc.*, 66 Wash.App. 370, 378, 832 P.2d 118, 123 (Wash.App.1992) (Forrest, J., concurring, joined by Webster, A.C.J.). However, these two cases were interpreting their own state's statutes, and their own legislature's intent. The majority and federal court precedent, including the Eleventh Circuit holds that when a motion to confirm an arbitration award is filed "it puts the other party to his objections."

preserved by raising the affirmative defense for the first time in a motion for new trial. By analogy, then, a party that moves to vacate, to modify, or to correct an arbitration award, and adduces evidence in support, only after the award has been confirmed and final judgment rendered has waived that challenge-or, at least, a trial court does not abuse its discretion if it overrules such a post-judgment motion.

7. This analogy to the law of affirmative defenses is particularly appropriate given that the FAA contemplates that a judgment confirming (or modifying or correcting) an arbitration award is final and enforceable like any other. See 9 U.S.C. § 13. If a judgment confirming an arbitration award is final like any other, then, as it is required to do with any other judgment, a party must raise (and prove, if evidence is necessary) its confession-and-avoidance defenses before judgment.

8. It would prejudice the Plaintiffs if an arbitration award was not reduced to judgment in accordance with 9 U.S.C. § 9 in a prompt, routine or summary manner as the FAA and Eleventh Circuit contemplate. A judgment will fix the post-judgment interest rate. It will also give rise to enforcement measures, and place priority and security as against other creditors and potential creditors of Defendants.

9. The potential grounds for vacation under the arbitration provision is extremely narrow. If Defendants cannot articulate and bring forth proof of any viable ground for vacatur in response to a proper motion to confirm then it is because there are simply no good faith grounds for vacatur. The Defendants seek to delay for delay sake.

10. Plaintiffs' motion is procedurally proper under 9 U.S.C. §9. The motion to confirm requires the Defendants to articulate any objections at that time. Pursuant to the Federal Arbitration Act, the undersigned is empowered to confirm an arbitration award by entering an order and judgment upon same. Moreover, upon timely application by any party, "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9; *Murray v. Holiday Isle*, 2009 WL 3634099 (S.D. Ala. Oct. 30, 1999).

## II. A Request For Interest Is Proper in Motion for Confirmation of Award

11. The request for interest, both post-award, pre-judgment; and post-judgment is proper. *See Murray v. Holiday Isle*, 2009 WL 3634099 (S.D. Ala. Oct. 30, 1999).

12. Federal courts confirming arbitration awards have routinely allowed post-award, prejudgment interest. *See, Id*. In a case brought under the FAA to confirm an international-arbitration award, the Eleventh Circuit Court of Appeals held that "prejudgment interest is not a penalty, but compensation to the plaintiff for the use of funds that were rightfully his, and absent any reason to the contrary, it should normally be awarded when damages have been liquidated by" an arbitration award. *Industrial Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1446–47 (11th Cir.1998) (internal quotations omitted). Other federal courts have similarly held that the prevailing party in FAA arbitration-confirmation proceedings is presumptively entitled to post-award, pre-judgment interest. *Fort Hill Builders, Inc. v. Nat'l Grange Mutual Insurance Co.*, 866 F.2d 11, 14 (1st

Cir.1989) ("[U]nder either federal or [Rhode Island] law, interest should be awarded from the date of the arbitration decision"); *Stroh Container Co. v. Delphi Indus., Inc.*, 783 F.2d 743, 752 (8th Cir.1986) ( "[P]rejudgment interest should ordinarily be granted unless exceptional or unusual circumstances exist making the award of interest inequitable"); *Sun Ship, Inc.*, 785 F.2d at 63 ("A confirmed arbitration award made under the Federal Arbitration Act ... bears interest from the date of the award").

13. Post-judgment is also properly sought in a motion seeking an order confirming an arbitration award and judgment entered thereon. *See Murray v. Holiday Isle*, 2009 WL 3634099 (S.D. Ala. Oct. 30, 1999).

**III. The Defendants Have Waived Their Objections To The Arbitration Award By Refusing to Comply with the Court's Briefing Schedule**

14. As articulated above, a motion to confirm an arbitration award and have it entered as judgment under 9 U.S.C. § 9 is proper at any time after the award is issued. It likewise puts the Defendants to state their objections under §10 or §11 at that time. And if not, the award shall be entered as judgment. The FAA process of confirmation is meant to be routine and summary. A judgment entered upon an arbitration award has same effect as any other judgment entered by the Court. 9 U.S.C. §13.

15. On September 11, 2019 this Honorable Court ordered that Defendants' objections to the Motion to Confirm Arbitration Award be filed by September 25, 2019. The Defendants had ample time to articulate any viable grounds under §10 or §11. Defendants chose not to file a Rule 6(b) motion or any motion for extension of time prior to the deadline.

Defendants waited until the last day of the deadline to file any response. On September 25, 2019, Defendants' sole argument was that they should be able to wait until the very last day of the 3 month maximum period to state their objection. This is a dilatory delay tactic, and is not supported by the law. Defendants waited until the objection deadline and intentionally chose to not attempt to even fashion a viable objection under §10 or §11.

16. Under governing precedent, the Defendants have therefore waived any objection not made in compliance with the briefing schedule. *See Quinn v. Deutsche Bank Nat'l Trust Co.*, 2014 WL 1410430 (S.D. Ala. April 11, 2014); *Gargano v. Phillip Morris USA, Inc.*, 2011 WL 13100471 (S.D. Fla. Aug. 1, 2011).

17. Defendants have made the willful choice to ignore clear Eleventh Circuit precedent, and solely rely on 9 U.S.C. § 12 to try and delay their obligation to promptly file viable objections to Plaintiffs' motion to confirm arbitration award under 9 U.S.C. § 9.

18. The bottom line is that there are no meritorious objections to the August 14, 2019, arbitration decision.

## IV. Sanctions Are Warranted

19. In 2006, the Eleventh Circuit in *Hercules Steel*, 441 F.3d 905, put parties and their attorneys who lost arbitrations on notice as follows:

> ***When a party who loses an arbitration award assumes a never-say-die attitude and drags the dispute through the court system without an objectively reasonable belief it will prevail, the promise of arbitration is broken.*** Arbitration's allure is dependent upon the arbitrator being the last decision maker in all but the most unusual cases. The more cases there are, like this one, in which the arbitrator is only the first stop along the way, the less

>     arbitration there will be. If arbitration is to be a meaningful alternative to litigation, the parties must be able to trust that the arbitrator's decision will be honored sooner instead of later.
>
>     ***Courts cannot prevent parties from trying to convert arbitration losses into court victories, but it may be that we can and should insist that if a party on the short end of an arbitration award attacks that award in court without any real legal basis for doing so, that party should pay sanctions.*** A realistic threat of sanctions *914 may discourage baseless litigation over arbitration awards and help fulfill the purposes of the pro-arbitration policy contained in the FAA. It is an idea worth considering.
>
>     . . .
>
>     ***The notice [this opinion] provides, hopefully to even the least astute reader, is that this Court is exasperated by those who attempt to salvage arbitration losses through litigation that has no sound basis in the law applicable to arbitration awards.*** The warning this opinion provides is that in order to further the purposes of the FAA and to protect arbitration as a remedy we are ready, willing, and able to consider imposing sanctions in appropriate cases. ***While Harbert and its counsel did not have the benefit of this notice and warning, those who pursue similar litigation positions in the future will.***

*Herclues Steel*, 441 F.3d at 913-14 (emphasis added). Since *Hercules Steel*, courts in the Eleventh Circuit have cited and sanctioned parties and their attorneys for frivolous arbitration appeals. *See Inversiones y Procesadora Tropical INPROTSA, S.A. v. Del Monte International*, 2019 WL 4200011 (11th Cir. Sept. 5, 2019) (affirming district court's awarding of sanctions for meritless arbitration appeal); *World Business Paradise, Inc. v. Suntrust*, 403 Fed. Appx. 468 (11th Cir. 2010) (sanctions appropriate where no good faith basis for appealing arbitration award); *Compass Group USA, Inc. v. City of Fairfield*, 2007 WL 9711282 (N.D. Ala. March 30, 2007).

20.  At this date, Defendants have failed to pay or otherwise comply with the

August 14, 2019 arbitration award. Defendants have failed to demonstrate any viable ground to vacate the award under §10 of the FAA in response to Plaintiffs' proper motion to confirm under §9. Instead, Defendants have only sought to delay and prevent the arbitration award from becoming a judgment without any viable basis.

21. Rule 11 and *Hercules Steel* provide that sanctions should be entered either for filings with no purpose other than to cause delay and harassment or because there is no merit to a motion to vacate or modify an arbitration award. In its response, Terminix boldly misrepresents when it must challenge a motion to confirm an arbitration award and announces that it intends to take up the full 90 day period under §12 to raise any ground for a challenge, despite the motion to confirm.

22. The FAA does not allow losers in arbitration the discretion to delay confirmation of an award just because they want to wait and delay. When the Plaintiffs' file a proper Motion for Confirmation of the Award under §9, the Court gave Terminix a chance to raise grounds for non-confirmation. Instead of explaining or providing proof of any ground, Terminix said it had no intention to explain why the award should not be confirmed until November. *See Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F.Supp.2d 1256, 1267 (N.D. Ala. 2006) ("The explicit and unveiled threat of sanctions articulated in *Harbert* did not deter the Plaintiffs in this instance; therefore, this court will craft and impose a sanction in keeping with the goals of compensating the Defendant for its expenses incurred as a result of having to defend against this litigation and protecting arbitration as a cost

effective alternative form of dispute resolution."); *Levy v. Citigroup Global Markets, Inc.*, WL 8432648 , *9 (S.D. Fla..Oct. 17, 2006) ("The Court finds that in the instant case, Petitioner's petition to vacate the arbitration award has no legal basis and the imposition of sanctions against Petitioner is appropriate. The law is clear in the Eleventh Circuit that the FAA creates a strong presumption in favor of confirming arbitration awards."); *World Business Paradise, Inc. v. Suntrust Bank*, 403 Fed. Appx. 468, 470-71 (11th Cir. 2010) ("Based on this record, we conclude that sanctions should be imposed upon Appellants for bringing this frivolous [arbitration] appeal. We remand to the district court with directions to determine the appropriate amount of the sanction to be awarded to SunTrust.").

23. The underlying facts of the case are important. Plaintiff Fitzgerald is 75 years old and without a place to live that she owns and can call her own except for her travel camper. Terminix admitted it was at fault and owed damages during arbitration, but, it argued, that it should not be considered to have engaged in egregious intentional fraud. The arbitrator found that Terminix indeed committed intentional fraudulent acts, that proximately caused the Plaintiffs home to be condemned and unlivable because of termite infestation.

24. Terminix has the duty to comply with the arbitration award. If not, it must provide *proof* of grounds of why it should not be confirmed as a judgment and executed upon. In defiance, Terminix has explained that it has no intention to provide any proof much less grounds until mid-November because it inaccurately claims it has the statutory prerogative to delay confirmation for 90 (ninety) days if it wants to - and it wants to.

25. It is rare that a party will confess its intent to harass and delay but that is what Terminix has done. Sanctions must be entered in this situation. Judicial resources are limited. Attorneys resources are limited. The Plaintiffs are entitled to prompt justice based on the final arbitration award. Terminix's intention to delay and drag the process out with no reasonable ground for dispute is clear.

WHEREFORE, premises considered, the Plaintiffs respectfully request that an order confirming the arbitration award be entered and judgment on same together with post-award, prejudgment interest, and post-judgment interest as set forth in Plaintiffs' original motion until paid. Plaintiffs request other, further or different relief, including sanctions against Terminix for their clear delay for the sake of delay, in attempt to salvage their arbitration loss through litigation that has no sound basis in the law applicable to arbitration awards. If the Court deems sanctions are warranted, Plaintiffs request the opportunity to brief and request appropriate sanctions.

Respectfully submitted,

/s/ Adam M. Milam
ADAM M. MILAM (MILAA2597)
*Counsel for Plaintiffs Ann McLaurin and Lynn Fitzgerald*

OF COUNSEL:
MILAM & MILAM, LLC
2206 Main Street
Daphne, AL 36526
Tel: (251) 928-0191
Fax: (844) 273-4029
amilam@milam-law.com

# CERTIFICATE OF SERVICE

I certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system on September 26, 2019, which will send electronic notification of such filing to the parties. If CM/ECF indicates that Notice needs to be delivered by other means to any of the parties, I certify that a copy will be sent via U.S. Mail, properly addressed, postage prepaid.

Michael L. Bell, Esq.
mbell@lightfootlaw.com
Haley A. Cox, Esq.
hcox@lightfootlaw.com
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
400 North 20th Street
Birmingham, Alabama 35203
(205) 581-0700
(205) 581-0799 (fax)
*Counsel for Defendants Terminix*

Thomas F. Campbell, Esq.
Bill Reece, Esq.
CAMPBELL LAW, P.C.
5336 Stadium Trace Parkway
Suite 206
Birmingham, AL 35244
Tel: (205) 278-6650
Fax: (205) 278-6654
tcampbell@campbelllitigation.com
breece@campbelllitigation.com
*Additional Counsel for Plaintiffs*