IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANN MCLAURIN AND LYNN FITZGERALD, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:19-00553-JB-M |
| | ) | |
| THE TERMINIX INTERNATIONAL COMPANY LP, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on Plaintiffs' Motion for Confirmation of Arbitration Award and Entry of Final Judgment ("Motion") (PageID.57-65), Defendants' Response (PageID.88-92), Plaintiffs' Reply and motion for sanctions (PageID.93-106), Plaintiffs' "Notice of Pertinent and Significant Authority" (PageID.113-115), and Defendants' Reply (PageID.137-142).  Also before the Court are Defendants' Motion to Vacate, Modify, or Correct the Arbitrator's Award (PageID.143-148) and Plaintiffs' Motions to Strike and for Sanctions (PageID.1176-1219).  After careful consideration, the Court finds that Plaintiffs' Motion for Confirmation is due to be GRANTED, Defendants' Motion to Vacate, Modify, or Correct the Arbitrator's Award is due to be STRICKEN, and Plaintiffs' Motions for Sanctions are due to be DENIED.

## I.    FACTUAL BACKGROUND

Plaintiffs brought this action under the Federal Arbitration Act ("FAA") (9 U.S.C.S. § 1 *et seq.*), seeking confirmation of an arbitrator's award and entry of judgment.  (*See generally* PageID.1-4).  The Award was entered on August 14, 2019 ("Award").  (PageID.5-24).  Plaintiffs

filed their Complaint two days later, on August 16, 2019.  (PageID.1-4).  On September 6, 2019,

Defendants filed an Answer and "Notice of Intention to File Motion to Vacate."  (PageID.48-49).

Plaintiffs filed their Motion to Confirm the Award on September 10, 2019, noting that

confirmation of arbitration awards is "usually routine or summary" and that Congress has

"limited the grounds on which an arbitral award can be vacated to those listed in" § 10 of the

FAA.  (PageID.60-61) (citing *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1288 (11th Cir. 2002)).[1]

Plaintiffs also claim pre-judgment interest running from the date of the Award through the date

of a judgment confirming it.  Plaintiffs claim post-judgment interest as well.

On September 10, 2019, the Court entered an Order requiring Defendants to file "any

opposition" to the Motion to Confirm "no later than September 25, 2019."  (PageID.87).

Defendants filed a timely Response, in which they argue that Plaintiffs' Motion to Confirm is

procedurally improper because it "was filed more than two months prior to the deadline for the

---

[1] Section 10(a) of the FAA provides:

> (a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—
>> (1) where the award was procured by corruption, fraud, or undue means;
>> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

filing of [Defendants'] Motion to Vacate, and well in advance of any final ruling by this Court on that Motion and ultimate appellate disposition."  (PageID.88-92).  Defendants also argue that Plaintiffs' claims for pre- and post-judgment interest are premature.  (PageID.88-92).  However, neither Defendants' Notice (PageId.48-49) nor its Response (PageID.88-92) articulated any objections or grounds to vacate, modify, or correct the Award.  Defendants merely declare that their "post-award rights are intact," and argue those rights cannot be waived by contract. (PageID.88-92).

Plaintiffs filed a timely Reply, in which they argue (i) their Complaint and Motion to Confirm are properly before the Court under § 9 of the FAA, (ii) Defendants violated §§ 10 and 11 by failing to immediately specify the grounds and evidence they intended to invoke in their intended motion to vacate, thereby waiving any objections to the Award, and (iii) Defendants' waived objections to the Award by their failure to comply with the Court's Order (PageID.87) requiring that objections to the Motion to Confirm be made not later than September 25, 2019. (PageID.93-106).[2]

On October 23, 2019, Plaintiffs filed a "Notice of Pertinent and Significant Authority." (PageID.113-115).  In it, Plaintiffs cite cases  which, they contend, support their argument that "a motion to confirm under [9 U.S.C.S.] § 9 requires the Defendants to come forward with evidence of valid objections at that time, and they are not allowed to delay § 9 confirmation based on the maximum limitations period referenced in § 12."  (PageID.113-114).   Defendants respond that Plaintiffs' cited authority is inapplicable.  (PageID.137-142).

---

[2] Plaintiffs also contend that Defendants' conduct contesting Plaintiffs' initial motion warrants sanctions.  (PageID.93-106 and 1176-1219).

3

After the expiration of the September 25, 2019 deadline imposed in the Court's September 10, 2019 Order, the Defendants filed a Motion to Vacate which, for the first time, articulated objections and grounds to vacate the Award. (*See* PageID.143-148, 149-151, 1148-1175). Plaintiffs filed a Motion to Strike Defendants' Motion as untimely and for sanctions. (PageID.1176-1219).

## II.    DISCUSSION

Section 9 of the FAA provides that a party may apply for an order confirming an arbitration award "at any time" within one year after the award is made:

> [A]t any time within one year after the award is made any party to the arbitration may apply to the court . . . for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title . . .

9 U.S.C. § 9. Section 12 of the FAA provides that a party seeking to vacate an award must serve "[n]otice of a motion to vacate . . . within three months after the award" is made. 9 U.S.C.S. § 12.

The questions before the Court are (i) whether Plaintiff's Motion to Confirm is premature, (ii) whether the timely filing of Plaintiffs' Motion to Confirm, or the Court's Order imposing a deadline to file any objections to the Motion, required Defendants to articulate grounds for vacatur prior to the expiration of the three-month period provided in §12 for filing a "notice of a motion to vacate," and (iii) Plaintiffs' entitlement to pre- and post-judgment interest.

### a.    Plaintiffs' Motion is properly before the Court pursuant to 9 U.S.C.S. § 9.

As noted, Defendants contend that Plaintiffs' Motion to Confirm is not properly before the Court because Defendants' time to file a motion to vacate under 9 U.S.C.S. § 12 had not

expired.  That contention is incorrect.  Although § 12 requires that notice of a motion to vacate an award must be served within three months after the award is filed or delivered, "there is nothing in such requirement to suggest that the winning party must refrain during that time period from exercising the privilege conferred by § 9 to move 'at any time' within the year." *Kanuth v. Prescott, Ball & Turben, Inc.,* 1990 U.S. Dist. LEXIS 7406, at *6 (D. D.C. June 19, 1990). *See also, Wubben v. Kirkland*, 2011 U.S. Dist. LEXIS 166013, at *15 (M.D. Fla. July 14, 2011) ("Section 12 of the FAA is 'a statute of limitations' that 'does not prevent a party seeking to confirm from doing so within the three-month period." (quoting *Kanuth*, 1990 U.S. Dist. LEXIS 7406, at *2)).  Plaintiffs timely filed their Motion to Confirm under § 9.  It is properly before this Court.

### b. Defendants have waived the filing of a motion to vacate the Award.

Plaintiffs argue Defendants waived the filing of objections to the Award by failing to assert them immediately after Plaintiffs filed their Motion to Confirm or by the deadline imposed by the Court's September 10, 2019 Order (PageID.87).  Plaintiffs cite *Kanuth v. Prescott, Ball & Turben, Inc.,* 1990 U.S. Dist. LEXIS 7406 (D. D.C. June 19, 1990).  The plaintiff in *Kanuth* filed a timely motion to confirm an arbitration award with the district court. *Id.* at 1.  Thereafter, the defendant filed a motion to continue the action because it hired new counsel who needed to "review the complex factual record in the case. . ." *Id.*  The defendant also contended that it had three months to move to vacate or modify the award under § 12.  The court found that contention "unexceptional, **as far as it goes**." *Id.* at *3 (emphasis added).  The court rejected, though, the implication that the defendant "should not have to defend a motion to confirm until **after** the three-month period [provided in § 12]." (*Id.*).  The court instead determined that the defendant

would have a "**reasonable time** to respond to plaintiff's motion to confirm or to move to vacate or modify." *Id.* at 11.  The "reasonable time" granted to defendant was two (2) months from the date of the award, not the three (3) month period afforded by § 12. *Id.*  Under the *Kanuth* court's reading, it appears that discretion falls to the court as to when to set the time for articulating objections to an award that is the subject of a timely filed motion to confirm, and in doing so, the court should balance a defendant's reasonable opportunity to articulate objections to an award against how few objections are available in the law.  *Id.* at 10.  *See also, Murray v. Holiday Isle, LLC*, 2009 U.S. Dist. LEXIS 101740, at *2 - 3 (S.D. Ala. October 30, 2009) (setting deadline to respond to a motion to confirm an arbitration award less than the three (3) month period afforded by § 12, and finding any objections waived when no response was filed by the ordered deadline.).

The reasoning in *Kanuth* is confirmed by the second case Plaintiffs cite in their "Notice of Significant and Pertinent Authority," *Wubben*, 2011 U.S. Dist. LEXIS 166013. *Wubben* involved an arbitration award entered in plaintiffs' favor on April 28, 2011. *Id.* at *7.  Plaintiffs filed a motion to confirm the award on May 12, 2011. *Id.* at *10.  Defendants filed a Response on May 26, 2011, contending that § 12 of the FAA afforded them three (3) months from the date of the award (until July 27, 2011) to move to vacate, modify, or correct the award. *Id.* at *12.   Defendants further argued that the court could not consider plaintiffs' motion to confirm before the expiration of that three (3) month period. *Id.*   However, defendants' Response did not articulate any substantive objection to the award. *Id.* at *20.  The court noted the defendants "cite[d] no case law to support their interpretation that [the court was] not able to confirm the Award prior to expiration of the three-month period stated in § 12." *Id.* at *12-13.  The court held that those

defendants could not expect the confirmation of plaintiff's arbitration award to be delayed even though the three-month period had not expired.  *Id.* at *18 - 21.

Similar circumstances exist here.  Defendants filed a "Notice of Intention to File Motion to Vacate," but the Notice does not articulate any objection or grounds justifying vacatur. (PageID.49).  Defendant insists that the "statutory [§ 12] period for vacatur has not run, and the judgment itself is far from satisfied . . . ." (PageID.139).  However, the implication that Defendants are entitled to delay the filing of objections or a motion to vacate for three months following the Award, notwithstanding Plaintiff's timely filing of its Motion to Confirm and the Court's Order setting an earlier deadline, cannot be reconciled with the FAA and case law.  Under § 12, the time period afforded to Defendants to file their notice is three months, but the statute is silent as to the time in which a party seeking vacatur must file a motion.  Moreover, while Defendants argue that the *Wubben* decision should be disregarded in its entirety because, *inter alia,* those defendants failed to "indicate[] their intention to file a motion to vacate in their first responsive pleading," this represents a distinction without a difference.  It is of no importance that the party in opposition indicated its intent to file a motion to vacate in its first responsive pleading.  Rather, the party in opposition to confirmation need only file its *notice* within three months of the Arbitrator's award.  In this case, the Motion to Confirm and the Court's Order (PageID.87) required Defendants to file a motion to vacate and state objections prior to the expiration of three (3) months following the Award.[3]

_____

[3] It is significant that the *Wubben* Court found the plaintiffs' motion to confirm arbitration was due to be granted for reasons present in this case.  There, as here, the defendants asserted that they had three months to file a motion to vacate, alter, or amend under 9 U.S.C. § 12.  The *Wubben* court found that position unpersuasive and held that the party opposing the arbitration

The Court further notes that Defendants failed to assert any facts or circumstances that would have required more time than was granted for them to articulate substantive objections to or file a motion to vacate the Award.  Defendants rest solely on their post-award "rights" under § 12.  As explained in *Wubben*, § 12 is a "statute of limitations."  2011 U.S. Dist. LEXIS 166013, at 15.  The court in *Wubben* also noted that the defendants before it, unlike the defendant in *In re North of England S.S. Co. (The Hartbridge)*, 57 F.2d 672 (2d Cir. 1932), articulated "no factual basis for needing more time to respond."  2011 U.S. Dist. LEXIS 166013, at 116 - 19.[4]

Plaintiffs filed their Motion to Confirm on September 10, 2019.  The Court then set a deadline of September 25, 2019 to file "any opposition."  The Defendants, however, like the

---

award must demonstrate why the award should not be confirmed.  *Wubben*, 2011 WL 13298216, at *7.  Moreover, the *Wubben* court, in assessing the balance between the defendant's ability to file an objection against how many objections were available, placed significant emphasis on the fact that the defendants had failed to assert any grounds upon which it intended to contest the arbitrator's award.

> If the Defendants were to move to vacate or modify the award, they would be limited to raising the objections listed in §§ 10 and 11. However, since the Defendants' have not yet filed such a motion or raised any such objections in response to the instant Motion to Confirm, that issue cannot be addressed.  Absent an argument that the arbitration proceedings or Award violated either §§ 10 or 11, or that there is a reason why the Defendants are unable to raise objections at the present time, the Defendants have failed to present grounds for denying the Plaintiffs' Motion to Confirm.

*Id.*  As noted, Defendants failed to assert in their Notice or Response any grounds upon which the Award was subject to vacatur.

[4] The defendant in *The Hartbridge* argued that it "could not make its motion [to vacate] forthwith because of the loss of exhibits used by the arbitrator."  57 F.2d at 673.

### III.    PLAINTIFFS' MOTION FOR INTEREST

Plaintiffs request pre- and post-judgment interest.  (*See generally* PageID.57-65).   In response, Defendants argue Plaintiffs' request for interest is procedurally improper because no judgment has been formally entered by this Court.  (PageID.89-90).  Plaintiffs reply by asserting that this district (and others) have found it customary to award pre- and post-judgment interest following a favorable award from an arbitrator.  (PageID.99).  Plaintiffs are correct.

Federal courts confirming arbitration awards have routinely allowed post-award-pre-judgment interest.  *Murray,* 2009 U.S. Dist. LEXIS 101740, at *5 - 6 (S.D. Ala. Oct. 30, 2009).  The Eleventh Circuit has held that "state law governs the availability and amount of pre-judgment interest in diversity cases involving the Federal Arbitration Act."  *AIG Baker Sterling Heights, LLC v. American Multi–Cinema, Inc.,* 508 F.3d 995, 1002 (11th Cir.2007).  Under Alabama law, it is well established that pre-judgment interest at the default rate of 6% may be available in the breach of contract context where, as here, damages were reasonably certain at the time of breach.  *See Goolesby v. Koch Farms, LLC,* 955 So.2d 422, 429 (Ala.2006).  Therefore, for the period from August 14, 2019 (the date of the arbitration Award) through the date this Court enters judgment upon the arbitration award, Plaintiffs are entitled to an award of pre-judgment interest calculated at the rate of six percent *per annum.*

Plaintiffs are also correct that they are due post-judgment interest.  *Murray,* 2009 U.S. Dist. LEXIS 101740 at *8.  Under federal law, "[i]nterest shall be allowed on any money judgment

in a civil case recovered in a district court." 28 U.S.C. § 1961(a).  The statute further provides that such interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1–year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[ ] the date of the judgment." *Murray,* 2009 U.S. Dist. LEXIS 101740, at *8 (internal citations and quotations omitted).  According to Federal Reserve Statistical Release H.15, dated October 25, 2019,[6] the average 1–year constant maturity Treasury yield for the week ending October 25, 2019 was 1.6%. Accordingly, post-judgment interest shall accrue at the statutory rate of 1.6% from the date of judgment.  The confirmation of the arbitrator's award and the addition of pre-judgment interest through the date of judgment shall be formalized via entry of separate judgment.

## IV.    PLAINTIFFS' MOTION FOR SANCTIONS

Plaintiffs argue that sanctions are warranted against Defendants because Defendants are merely trying to prevent Plaintiffs from receiving their Award.  Specifically, Plaintiffs argue that Defendants "have failed to demonstrate any viable ground to vacate the award . . . in response to Plaintiffs' proper motion to confirm . . .  Instead, Defendants have only sought to delay and prevent the arbitration award from becoming a judgment without any viable basis." (PageID.103). The Court disagrees and does so on the basis of Plaintiffs' later filing.  In their *sua sponte* "Notice of Pertinent and Significant Authority," Plaintiffs acknowledge they were originally unable to locate the authority relied upon there because "there is very little authority

---

[6] Available at: <https://www.federalreserve.gov/releases/h15/> (Last visited November 5, 2019).

on the exact issue currently before the Court." (PageID.113).   The Court agrees with this assessment.  The Court shall not impose sanctions under these circumstances.

V.     **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for Confirmation of Arbitration Award and Entry of Final Judgment (PageID.57-65) is hereby GRANTED, Defendants' Motion to Vacate and accompanying Brief in Support and Evidentiary Materials (*See* PageID.143-148, 149-151, 1148-1175) are STRICKEN, and Plaintiffs Motions for Sanctions (PageID.93-106 and 1176-1219) are DENIED.

**DONE and ORDERED** this 6th day of July, 2020.

/s/ JEFFREY U. BEAVERSTOCK
UNITED STATES DISTRICT JUDGE